**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **BRIAN BIGSBY,** ) | **CASE NO. 4:14 CV 2335** |
| ) | |
| Petitioner, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | <u>**OPINION AND ORDER**</u> |
| ) | |
| **MICHELE MILLER, Warden,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Greg White ("R & R"). (**Doc #: 7**.) Magistrate Judge White recommends that the Court deny the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Brian Bigsby (""Petition"). (**Doc #: 1**.) The Petition arises from Bigsby's convictions in state court for two counts of felonious assault, two counts of aggravated burglary, and one count of domestic violence – for which he is serving an aggregate prison sentence of ten years. His convictions and sentence were affirmed on direct appeal.

As best the Magistrate Judge (and the Court) can decipher, Bigsby now asserts that his convictions, other than the conviction for domestic violence, are not supported by sufficient evidence. His argument revolves around the weapon, a baseball bat that he is alleged to have used to break the kneecap of his child's mother – an argument that is directed toward the second felonious assault conviction under O.R.C. § 2903.11(A)(2) and the second aggravated burglary

conviction under O.R.C. § 2911.11(A)(2) (both charges involving the use of a deadly weapon). Bigsby raised this issue in state court on direct appeal. There, Bigsby challenged those convictions on the basis that the baseball bat was not introduced into evidence during his trial, no fingerprint or DNA testing was performed on the bat, it did not appear that there was any blood on the bat, and the testimony of his girlfriend's 9-year-old daughter (that she saw him hit her mother with a baseball bat) was not believable because she did not see much and ran out of the house to call the police. The state appeals court summarized the evidence at trial and concluded that sufficient evidence supported these convictions

Upon independent review of the trial transcript, the Magistrate Judge found that the state court accurately summarized the evidence presented at trial and recited the correct standard governing sufficiency claims. The Magistrate Judge agreed that the testimony of the witnesses was sufficient to substantiate the elements of these particular convictions, and concluded that the state court's ruling was not an unreasonable determination of the facts in light of the evidence presented.

On October 13, 2015, Bigsby filed Objections to the R & R. (**Doc #: 8**.) The Federal Magistrates Act requires a district court to conduct a *de novo* review of only those portions of an R & R to which an objection has been made. *Kronenberg v. Eppinger*, No. 1:12 CV 3105, 2014 WL 1681432, at *1 (N.D. Ohio Apr. 17, 2014) (citing 28 U.S.C. § 636(b)(1)). "The Court is under no obligation, however, to review *de novo* objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs." *Id*. (citing *Roberts v. Warden, Toledo Correctional Inst.*, No. 1:08 CV 113, 2010 WL 279246, at *7 (S.D. Ohio Jul. 14, 2010)).

The Objections are nearly incomprehensible.  However, to the extent they parrot language in the Traverse, which the Magistrate Judge reviewed and addressed in his R & R, they are overruled.  *Kronenberg*, 2014 WL 1681432, at *1; *Roberts*, 2010 WL 279246, at *7.  To the extent the Objections raise new arguments never presented to the state courts in a timely manner, they are denied as procedurally defaulted.

Accordingly, the Court **OVERRULES** the Objections (**Doc #: 8**), **ADOPTS** the R & R (**Doc #: 7**), and **DENIES** the Petition (**Doc #: 1**).

**IT IS SO ORDERED.**

 /s/ *Dan A. Polster     October 16, 2015*
**Dan Aaron Polster**
**United States District Judge**